UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE A. MARTIN, JR.,

                        Plaintiff,

             v.                                    CAUSE NO. 3:21-CV-860-DRL-MGG

D. WARDLOW, JESSICA THERAULT, J.
WALLEN, and MARK NEWKIRK,

                        Defendants.

<u>OPINION AND ORDER</u>

Clarence A. Martin, Jr., a prisoner without a lawyer, filed a complaint against six defendants which did not state a claim. ECF 2. He was granted leave to file an amended complaint. ECF 12. He filed an amended complaint against four of the original six defendants. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As with the original complaint, Mr. Martin makes numerous allegations about how his grievances were improperly processed or rejected by Grievance Specialists Mark Newkirk and J. Wallen. ECF 15 at ¶¶ 47 and 49. As explained in the prior order finding

he had not stated a claim, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). *Id*. This complaint does not state a claim against either Mark Newkirk or J. Wallen.

Mr. Martin alleges Officer Jessica Therault falsely alleged a bag of coffee found in his locker was a controlled substance and then filed a conduct report charging him with possessing a controlled substance. ECF 15 at ¶ 41. He alleges Major D. Wardlow signed off on the allegedly "obviously false Report of Conduct." ECF 15 at ¶ 44. In *Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir. 1984), the plaintiff asserted "his due process rights were violated when the defendant prison guards planted false evidence and issued a disciplinary ticket" against him. The Seventh Circuit explained: "[p]risoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*." *Id.* Here, Mr. Martin received those protections and was found not guilty at his disciplinary hearing. *See also McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."). This complaint does not state a claim against Officer Therault or Major Wardlow.

Mr. Martin's original complaint did not state a claim. Pursuant to *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), he was given the opportunity to file an amended complaint if he believed he could state a claim based on (and consistent with) the events described in the original complaint. Mr. Martin tried, but the amended complaint does not state a claim either.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 27, 2022                                                    *s/ Damon R. Leichty*
                                                                        Judge, United States District Court