UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE A. MARTIN, JR.,

   Plaintiff,

 v.              CAUSE NO. 3:21-CV-860-DRL-MGG

D. WARDLOW, JESSICA THERAULT, J.
WALLEN, and MARK NEWKIRK,

   Defendants.

OPINION AND ORDER

Clarence A. Martin, Jr., a prisoner without a lawyer, filed a motion under Federal Rule of Civil Procedure 59(e) asking the court to alter or amend the judgment dismissing his amended complaint under 28 U.S.C. § 1915A. ECF 23. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Mr. Martin argues there was a manifest error of law because the court analyzed his claims under the Fourteenth Amendment rather than the Eighth Amendment. He does not argue the amended complaint states a Fourteenth Amendment claim. He only argues he did not present any Fourteenth Amendment claims and the court should review his claims under the Eighth Amendment.

The amended complaint repeatedly cited to the Eighth Amendment, but the facts alleged invoked Fourteenth Amendment due process questions, not Eighth Amendment cruel and unusual punishment questions. The court was not wrong to construe the

amended complaint liberally and address the claims under the Fourteenth Amendment. However, the court will now address them again under the Eighth Amendment:

> In its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates.

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

The amended complaint alleged Officer Jessica Therault wrote a conduct report falsely charging him with possessing a controlled substance which she knew was only a bag of coffee she found in his locker. ECF 15 at ¶ 41. As a result, Mr. Martin was sent to disciplinary segregation where he alleges he suffered "serious physical and emotional injury [by having] urine and feces thrown on him, his personal property, and his assigned living quarters, as well as food." *Id.* at ¶ 42. The amended complaint asserts an Eighth Amendment violation because Officer "Therault's false Report of Conduct was the reason that Plaintiff was held in disciplinary segregation." *Id.* at ¶ 43.

Mr. Martin is attempting to hold Officer Therault liable for not protecting him from attack because she knew the conduct report would result in his being sent to disciplinary segregation which she knew was a dangerous place. However, "prisons are dangerous

2

places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Officer Therault is not alleged to have had actual knowledge of an impending harm. The amended complaint does not state a claim against her for a violation of the Eighth Amendment.

The amended complaint alleged Major D. Wardlow signed off on Officer Therault's "obviously false Report of Conduct" to "be used to hold Plaintiff in disciplinary segregation" where "urine and feces thrown on him, his personal property, and his assigned living quarters, as well as food." ECF 15 at ¶¶ 44-46. These allegations mirror those against Officer Therault. For the same reasons, they do not state a claim against Major Wardlow for a violation of the Eighth Amendment.

The amended complaint alleged Grievance Specialist Mark Newkirk "was made aware of Plaintiff's inhuman and dangerous living conditions and did nothing" causing Mr. Martin to "endure living in unsanitary living quarters . . . and ultimately having corporal punishment inflicted upon Plaintiff by ISP staff[.]" ECF 15 at ¶¶ 47-48. The amended complaint makes similar allegations about Grievance Specialist J. Wallen. *Id*. at ¶¶ 49-51. "[P]ublic employees are responsible for their own misdeeds but not for anyone

else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

> [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. Mr. Martin argues Grievance Specialist Newkirk and Wallen violated the Eighth Amendment because they did not solve the problems he was grieving about, but "prison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). These two grievance specialists are not alleged to have been personally involved with any of the alleged conditions in disciplinary segregation. The amended complaint does not state a claim against either of them for a violation of the Eighth Amendment.

For these reasons, the Rule 59(e) motion is DENIED.

SO ORDERED.

August 30, 2022
*s/ Damon R. Leichty*
Judge, United States District Court